ALBERT BARTLE, Executor, Appellee, v. C. J. TUBBS, Appellant.

**APPEAL AND ERROR:** Review—Questions of Fact—Conflicting
1 Evidence. Under a fair conflict of evidence, the findings of the court on questions of fact have the same force as a jury finding, and are conclusive with the appellate court.

**APPEAL AND ERROR:** Harmless Error—Excluding Repetition of
2 Testimony. The court may very properly refuse to permit needless repetition of testimony by the same witness.

**JUDGMENT:** Entry—Form—Following Trial Theory and Pleading.
3 A judgment entry in harmony with the trial theory and the pleadings is sufficient.

PRINCIPLE APPLIED: Plaintiff, as executor, suing for rent, was met with a counterclaim for the return of rent already paid. This counterclaim was dismissed by the court. Whether plaintiff was the proper party against whom to plead the counterclaim, was not in the case, either on the trial theory or on the pleadings. *Held*, the court was not in error in failing to state in the judgment entry that the cause was dismissed without prejudice to a future action against plaintiff *individually*.

*Appeal from Mitchell District Court.*—J. J. CLARK, Judge.

WEDNESDAY, NOVEMBER 22, 1916.

ACTION at law by plaintiff to recover rent. Defendant filed a counterclaim, asking to recover rent paid by him. There was a trial to the court, without a jury. The court dismissed both plaintiff's claim and the appellant's counterclaim. Plaintiff has not appealed from the judgment against him, but the appeal is by the defendant from that part of the judgment dismissing the counterclaim.—*Affirmed*.

*J. F. Clyde* and *Wm. H. Salisbury,* for appellant.

*George E. Marsh,* for appellee.

PRESTON, J.—1. Defendant leased 320 acres of land from deceased, in April, 1914. The lease was to run until March 1, 1915. The rental was $1,000, of which $500 was to be paid January 1, 1915, and $500, March 1, 1915. Deceased died testate in July, 1914. The suit was brought in March, 1915, to recover from defendant an installment of rent payable March 1, 1915. Defendant answered that the unearned portion of the rent accruing after her death became and was the property of the devisees under the will, to whom the said real estate was devised; alleged that he paid to plaintiff the installment of rent of $500 which was payable January 1, 1915, but that it was so paid to plaintiff under a verbal agreement with him to the effect that the question of ownership of lease should be submitted to the court, and that the parties to this suit would abide by the decision of the court thereon; that, in case the district court should find that the same belonged to the defendant and the devisees under the will, the $500 so paid should be returned to him. Defendant further alleged that the $500 was paid to avoid suit. These facts were pleaded as a counterclaim, in which defendant asked to recover the $500 so paid. Defendant did not allege want of consideration, fraud, mistake or duress.

For reply, plaintiff admits the provisions of the will set out, and that defendant paid to plaintiff $500 as rent, and states further that he denies that the $500 was paid pursuant to any understanding with defendant or promise on his part to repay or refund; states that the said sum was paid by defendant and received by plaintiff under a different arrangement from that stated by defendant; that the understanding was that defendant claimed to plaintiff that he (defendant) was owing and should pay as rent such part as would approximately equal the fair rental value of the leased premises down to the date of the death of Mrs. Knapp; that the use of said premises by him for such period was of the reasonable value of $500, which defendant agreed to pay, provided that,

in case plaintiff should undertake to collect from him any further sum on account of rents, the fact of the payment of the sum of $500 should not be treated as an admission or circumstance tending to establish liability for any further sum as rent under the lease, and that plaintiff agreed to accept said sum with that provision; that, instead of paying the money so agreed upon, the defendant made his note to plaintiff as executor, payable February 1, 1915, and that defendant's sons, Clayton and Earl Tubbs, devisees in the will, signed the note with defendant; that the note was paid to plaintiff February 6, 1915; that such payment by the defendant, and all statements, promises and acts on his part, were made and done voluntarily, without any agreement or promise on the part of plaintiff to refund any part of said sum; that, by reason of the facts, defendant is barred and estopped from maintaining any action against plaintiff for the recovery of the money so paid.

The will of Mrs. Knapp gives a part of the leased land to Clayton and Earl Tubbs, and the rest of it to defendant and his wife for life. Other devisees assigned to defendant any interest they claimed in the rent. Defendant paid the note before referred to, with accrued interest, without protest or objection. Before the execution of the note, defendant and one of his sons counseled with attorneys concerning the matter of rent and payment thereof. The evidence tends to show, if, indeed, it is not undisputed, that, about January 4, 1914, defendant and his two sons appeared in the office of plaintiff's attorney for the purpose of making settlement of the rent, and then expected and wanted to pay rent down to the death of Mrs. Knapp. This was on the day the note was executed. At that time, there was some talk by plaintiff about enforcing collection of the rent by suit. Some time in February, 1915, counsel for defendant prepared a written agreed statement of facts, as he claimed them to be, and presented it to plaintiff for signature. Plaintiff declined to sign this agreed statement until he could see his attorney.

But there is evidence by defendant and his witnesses tending to show that plaintiff said the statement was correct, so far as he could see. Defendant's witnesses also gave testimony to sustain their claim, set up in the counterclaim, that plaintiff agreed to refund the $500 on certain conditions. The plaintiff explained his refusal to sign the agreed statement, and by his evidence denies the claim of defendant as to the promise to refund.

The principal question argued is as to whether the judgment should have been for the defendant or the plaintiff. As is often the case, counsel for appellant assume that, because defendant and his witnesses give testimony to sustain their theory of the case, their evidence is necessarily true, and that the evidence from the other side amounts to nothing, and the evidence is undisputed. It would serve no useful purpose to set out the testimony on this disputed fact question. It is enough to say that there is a decided conflict in the evidence on this point, and the case was tried by defendant on the theory that there was a promise to refund 'as claimed 'by defendant, and by plaintiff, on the theory that there was a bona fide dispute between the parties as to defendant's liability for rent after the death of the lessor, and that the payment made by defendant was voluntary, with full knowledge of all the facts.

There is but little, if any, dispute between counsel as to the law of the case. Defendant argues, and cites authorities upon the proposition, that, upon the death of the owner of real estate, the title and right of possession

1. APPEAL AND ER-
ROR: review:
questions of
fact: conflict-
ing evidence.

vest in the devisees, subject only to be sold for the payment of debts, and that rent is an incident to the reversion, and accrues when the term ends, unless there is an agreement to pay sooner; while plaintiff argues the question of voluntary payment, and that, under the circumstances shown in this case, where there is a settlement and voluntary payment, the defendant may not recover. There is evidence tending to show that

defendant at all times contested the right of plaintiff to recover for rent after the death of deceased, but that he then wanted to and was willing to pay the rent up to the death of the lessor. As stated, the case was tried upon the theory indicated, and, under familiar doctrine, the finding of the trial court on disputed testimony has the force of the verdict of a jury, and is conclusive upon us. The evidence was sufficient to sustain the finding of the trial court in plaintiff's favor on the counterclaim.

2. In rebuttal, or surrebuttal, defendant was asked as to whether or not he made a certain statement in conversations on the day the note was given. Plaintiff's objection to this was sustained on the theory, as stated by the court, that the witness had, when he was on the stand before, given the entire conversation, and that it would be simply going over the same thing; and we think the record so shows. The attention of the witness was expressly called to the same matters on his cross-examination, and he denied them.

2. APPEAL AND ERROR: harmless error: excluding repetition of testimony.

3. The next error assigned is that the court erred in failing to show in the entry of judgment that the counterclaim was dismissed without prejudice to the appellant's right to prosecute an action against plaintiff as an individual on the same claim, if such dismissal was because this action is against Bartle as executor, and not against him in his individual capacity. The argument assumes that the court may have decided the case on the theory that there was doubt as to whether the action was brought by plaintiff as executor, or in his individual capacity; but the record does not show that the court did decide the case on that ground. The suit was brought by plaintiff as executor. The note was payable to him as executor and was paid to him as such. There was no such issue in the case as appellant now suggests. Nor is there anything in the record to show that the court's attention was called to any such question or asked to so rule.

3. JUDGMENT: entry: form: following trial theory and pleading.

There was no plea in abatement. The argument here is that a finding against defendant on the ground suggested would operate as a plea in abatement, and appellant says that, by analogy, it seems to him that, if the court dismissed the counterclaim because he thought it was made against the wrong party, he should have stated that fact in the judgment entry; and that, without such entry, appellant may be embarrassed in a new action against plaintiff as an individual. But, as stated, there was no plea in abatement filed.

We are not called upon to now determine in advance the rights of the parties if an action should be brought by plaintiff as an individual. The court, upon objection by plaintiff, excluded the inventory and appraisement bill of personal property belonging to the estate of Mrs. Knapp. Under the issues presented, and in view of the record, we are unable to see how these were relevant or material.

We discover no prejudicial error in the record, and the judgment is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.